UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

CYNTHIA BLEVINS-BRYANT,

    Plaintiff,

vs.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 3:18-cv-104

District Judge Walter H. Rice
Magistrate Judge Michael J. Newman

_____

**REPORT AND RECOMMENDATION[1] THAT: (1) THE NON-DISABILITY FINDING AT ISSUE BE FOUND UNSUPPORTED BY SUBSTANTIAL EVIDENCE, AND REVERSED; (2) THIS MATTER BE REMANDED TO THE COMMISSIONER UNDER THE FOURTH SENTENCE OF 42 U.S.C. § 405(g) FOR PROCEEDINGS CONSISTENT WITH THIS OPINION; AND (3) THIS CASE BE CLOSED**
_____

This is a Social Security disability benefits appeal. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Disability Insurance Benefits ("DIB"). This case is before the Court upon Plaintiff's Statement of Errors (doc. 9), the Commissioner's memorandum in opposition (doc. 12), Plaintiff's reply (doc. 13), the administrative record (doc. 7),[2] and the record as a whole.

I.

A.    **Procedural History**

Plaintiff filed for DIB alleging a disability onset date of August 14, 2009. PageID 1484. Plaintiff claims disability as a result of a number of alleged impairments including, *inter alia*, obesity, migraine headaches, major depressive disorder, and an anxiety disorder. PageID 727.

After an initial denial of her applications, Plaintiff received a hearing before ALJ Irma J. Flottman on January 4, 2013. PageID 827-50. ALJ Flottman issued a written decision on February 14, 2013 finding Plaintiff not disabled. PageID 880-95. After the Appeals Council denied Plaintiff's

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.
[2] Hereafter, citations to the electronically-filed record will refer only to the PageID number.

request for review, she filed an appeal with this Court. 871-74. ALJ Flottman's non-disability finding was reversed and her case was remanded, in part, to adequately account for Plaintiff's migraine headaches. *Blevins-Bryant v. Comm'r of Soc. Sec.*, No. 3:14-cv-237, 2015 U.S. Dist. Lexis 105286 (S.D. Ohio Aug. 11, 2015).

Plaintiff then received a second hearing before ALJ Eric Anschuetz on October 18, 2016. PageID 745-826. On remand, Plaintiff amended her complaint to seek only DIB for the closed period of August 14, 2009 to November 18, 2015. PageID 724. ALJ Anschuetz issued a written opinion on May 3, 2016, finding Plaintiff not disabled during that closed period. PageID 724-36. Specifically, ALJ Anschuetz found at Step Five that, based upon Plaintiff's residual functional capacity ("RFC") to perform a reduced range of light work,[3] "there were jobs that exist in significant numbers in the national economy that she could have performed[.]" PageID 728-36.

Thereafter, the Appeals Council denied Plaintiff's request for review, making ALJ Anschuetz's non-disability finding the final administrative decision of the Commissioner. PageID 715-18. *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). Plaintiff then filed this timely appeal. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007). This May 3, 2016 non-disability finding by ALJ Anschuetz (hereinafter, "ALJ"), concerning the closed period of August 14, 2009 to November 18, 2015, is now before the Court for review.

B.     **Evidence of Record**

The evidence of record is adequately summarized in the ALJ's decision (PageID 724-36), Plaintiff's Statement of Errors (doc. 9), the Commissioner's memorandum in opposition (doc. 12), and

---

[3] Light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds" and "requires a good deal of walking or standing, or . . . sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 404.1567(b). An individual who can perform light work is presumed also able to perform sedentary work. *Id*. Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties." 20 C.F.R. § 404.1567(a).

Plaintiff's reply (doc. 13). The undersigned incorporates all of the foregoing and sets forth the facts relevant to this appeal herein.

## II.

### A. Standard of Review

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria. 42 U.S.C. § 405(g); *Bowen* v. *Comm'r of Soc. Sec.,* 478 F.3d 742,745-46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id.* at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

### B. "Disability" Defined

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 423(d)(1)(A). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable" and severe enough

3

to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id.*

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step ends the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?;

2. Does the claimant suffer from one or more severe impairments?;

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1;

4. Considering the claimant's RFC, can he or she perform his or her past relevant work?; and

5. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 404.1520(a)(4); *see also Miller v. Comm'r of Soc. Sec.,* 181 F. Supp.2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing disability under the Social Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

### III.

On appeal, Plaintiff argues that the ALJ erred in: (1) failing to properly account for her migraine headaches in his RFC analysis; and (2) weighing the opinion of her examining psychologist, Giovanni Bonds, Ph.D. PageID 1491. Agreeing with Plaintiff's first assignment of error, the undersigned would instruct the ALJ to consider Plaintiff's second argument on remand.

The Commissioner's regulations provide that a claimant's "impairment(s), and any related symptoms, such as pain, may cause physical and mental limitations that affect what [he or she] can do in a work setting." 20 C.F.R. § 404.1545(a)(1). An individual's RFC "is the most [he or she] can still

4

do despite [his or her] limitations." *Id.* While the determination of an RFC is within the ALJ's province, "the RFC is ultimately a medical question that must find at least some support in the medical evidence of record." *Powell v. Comm'r of Soc. Sec.*, No. 3:15-CV-406, 2017 WL 1129972, at *4 (S.D. Ohio Mar. 27, 2017) (citing *Casey v. Astrue*, 503 F.3d 687, 697 (8th Cir. 2007)).

Here, as noted, the ALJ concluded that Plaintiff had the RFC to perform:

> [L]ess than the full range of light work… such that the claimant can lift 20 pounds occasionally and 10 pounds frequently. Claimant can stand and/or walk for a total of 6 hours during an 8-hour workday and sit for a total of 6 hours during an 8-hour workday. The claimant can never climb ladders, ropes, or scaffolds, but can frequently climb ramps and stairs. The ability to balance and kneel is unlimited. She can frequently crouch and crawl and occasionally stoop. Due to mental health impairments she is limited to simple, routine, repetitive tasks, but not at a production rate. She must have a low stress work environment with few demands that are routine in nature and no production demands.

PageID 728. An ALJ need only accept those limitations he or she finds credible. *See Casey v. Sec. of Health & Human Servs.,* 987 F.2d 1230, 1235 (6th Cir. 1993). To that end, the ALJ concluded that Plaintiff's migraine headaches did not warrant a specific limitation in the RFC. PageID 733. The ALJ's RFC determination, in this regard, is not supported by substantial evidence.

The ALJ discredited Plaintiff's complaints of migraines because "she could not remember the last time she had to go to the emergency room because of migraine headaches and she had not received treatment in more than a year." *Id.* First, predicating a finding that Plaintiff's migraines necessitate any functional limitation on emergency room visits is an inordinately high burden. It is unclear how emergency room visits provide any insight into a Plaintiff's ability to perform work-related activities on a sustained basis. *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 377 (6th Cir. 2013). The ALJ's lack of specificity constitutes error because he was required to build a logical bridge between the medical

5

evidence and his disability finding. *Fleischer v. Astrue*, 774 F.Supp.2d 875, 877 (N.D. Ohio 2011).

Second, the ALJ erroneously focused his inquiry on Plaintiff's treatment in 2016, the year after her closed period of disability ended. PageID 733. This error is especially glaring because the medical records produced during the closed period at issue document emergency room visits and appointments for the treatment of migraine headaches. *See e.g.*, PageID 415, 430, 445, 453, 479, 1062, 1063. Moreover, the ALJ "must not draw any inferences about an individual's symptoms and their functional effects from a failure to seek or pursue regular medical treatment without first considering any explanations that the individual may provide, or other information in the case record, that may explain infrequent or irregular medical visits or failure to seek medical treatment." SSR 96-7p, 1996 SSR LEXIS 4, at *7. But here, the ALJ erred by failing to consider Plaintiff's explanation that she ceased emergency room visits when she came to understand the paralysis she experienced was not a stroke, but a symptom of her complex migraines. PageID 822.

The undersigned lastly finds error in the ALJ's failure to consider the objective evidence that supports Plaintiff's complaints regarding her migraine headaches. An "ALJ must consider all the record evidence and cannot 'pick and choose' only the evidence that supports his [or her] position." *Hawthorne v. Comm'r of Soc. Sec.*, No. 3:13–cv–179, 2014 WL 1668477, at *11 (S.D. Ohio Apr. 25, 2014) (citing *Loza v. Apfel*, 219 F.3d 378, 393 (5th Cir. 2000)). In this instance, the ALJ omitted from his analysis two MRI images that document abnormal findings consistent with Plaintiff's complaints. PageID 481, 1376-77 (documenting "increased signal in the subcortical white matter of both cerebral hemisphere"). In light of the

foregoing, the undersigned finds the ALJ's RFC and resulting non-disability finding unsupported by substantial evidence.

## IV.

When the ALJ's non-disability determination is unsupported by substantial evidence, the Court must determine whether to remand the matter for rehearing or to award benefits. Generally, benefits may be awarded immediately "if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994); *see also Abbott v. Sullivan*, 905 F.2d 918, 927 (6th Cir. 1990). The Court may only award benefits where proof of disability is strong and opposing evidence is lacking in substance, so that remand would merely involve the presentation of cumulative evidence, or where proof of disability is overwhelming. *Faucher*, 17 F.3d at 176; *see also Felisky v. Bowen*, 35 F.3d 1027, 1041 (6th Cir. 1994). In this instance, evidence of disability is not overwhelming, and remand for further proceedings -- as specifically set forth above -- is proper.

## V.

**IT IS THEREFORE RECOMMENDED THAT:** (1) the Commissioner's non-disability finding be found unsupported by substantial evidence, and **REVERSED**; (2) this matter be **REMANDED** to the Commissioner under the Fourth Sentence of 42 U.S.C. § 405(g) for proceedings consistent with this opinion; and (3) this case be **CLOSED**.

Date:  May 6, 2019             s/ Michael J. Newman
                               Michael J. Newman
                               United States Magistrate Judge

## **NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation. This period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d). Parties may seek an extension of the deadline to file objections by filing a motion for extension, which the Court may grant upon a showing of good cause.

Any objections filed shall specify the portions of the Report and Recommendation objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based, in whole or in part, upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.

A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. As noted above, this period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d).

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).